# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DAVID ANTHONY LAND,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 1:23-cv-01183-RDP |
| } | |
| **REGINA ERIN BURNS,** } | |
| } | |
| Defendants. } | |

| | |
|---|---|
| **DAVID ANTHONY LAND,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 1:23-cv-01195-RDP |
| } | |
| **DAVID BRUCE CASH,** *et al.***,** } | |
| } | |
| Defendants. } | |

## **MEMORANDUM OPINION**

In these two cases, Plaintiff David Anthony Land sued a number of Defendants under 42 U.S.C. § 1983, alleging violations of his rights under the Constitution and laws of the United States. His original complaint in 1:23-cv-1183 was filed on September 7, 2023. (Doc. # 1). His original complaint in 1:23-cv-1195 was filed on September 11, 2023. (Doc. # 1). As explained below, some of the Defendants initially sued have already been dismissed in this action. Two of the remaining Defendants, Regina Erin Burns and David Bruce Cash, have filed motions to dismiss. Burns filed a motion to dismiss in 1:23-cv-1183. (Docs. # 4, 4-1). Cash filed a motion to dismiss in 1:23-cv-1195. (Doc. # 16). Burns also filed a motion to strike in 1:23-cv-1183. (Doc. #

13). In addition, Plaintiff filed a motion for summary judgment against Cash in 1:23-cv-1195. (Doc. # 19).

In this memorandum opinion, the court explains its rulings on all four of these motions. To distinguish between the motions and other filings in the two cases, the court will parenthetically provide a short reference to the particular case number (*i.e.,* in case 1:23-cv-1183, record citations will begin with 1183, and in case 1:23-cv-1195, record citations will begin with 1195). So, for example, Document # 4 in 1:23-cv-1183 will be cited this way: (1183, Doc. # 4).

For the reasons explained below, the motion to dismiss filed by Burns (1183, Docs. # 4, 4-1) is due to be granted. So is the motion to dismiss (1195, Doc. # 16) filed in the other case by Cash. But, the motion to strike filed by Burns (1183, Doc. # 13) is due to be denied. The same is true with regard to the motion for summary judgment (1195, Doc. # 19) filed by Plaintiff.

Finally, there is one other Defendant who is still a party (in 1:23-cv-1195) – Nickalus C. Reeves. But, it is clear Plaintiff cannot pursue any claim against him, either. So, for the reasons explained below, he also is due to be dismissed from 1:23-cv-1195.

**I.     Background**

    **A.     Factual Background[1]**

In September 2023, Plaintiff filed three separate lawsuits, all in the Northern District of Alabama, and the complaints in each action named was against various defendants and those

---

[1] The court relies on all of Plaintiff's pleadings for the sole purpose of gleaning the relevant facts in these cases. However, in *Land v. Cash*, the operable pleading is Plaintiff's amended complaint. (1195, Doc. # 12). And in *Land v. Burns*, the court construes Plaintiff's second amended complaint as a motion to file amended complaint. That motion is due to be granted, making Plaintiff's second amended complaint (1183, Doc. # 11) the operative pleading in *Land v. Burns*. Though Plaintiff's second amended complaint was filed after the motion to dismiss, it does not substantively change the allegations against Defendant Burns. Therefore, the motion is still applicable to the operative complaint in that case. Additionally, the motion to strike filed by Burns (1183, Doc. # 13) is due to be denied.

pleadings contained allegations about the same incident, which occurred in 2018. (*See* Case No. 1:23-cv-1183-RDP; Case No. 1:23-cv-1184-CLM; Case No. 1:23-cv-1195-RDP).²

On May 16, 2018, while travelling on I-20, Plaintiff noticed a black sedan driving over 70 mph. (1183, Doc. # 11 at 1-2). After both cars were no longer driving on the interstate, Plaintiff alleges that Burns "place[d] her right index finger in [Plaintiff's] chest, ordering [him] to back up with her left hand on her weapon." (*Id.* at 1). This is where any clarity in Plaintiff's pleadings takes its leave.

In the two consolidated cases, Plaintiff has filed five complaints, none of which clearly explain Plaintiff's allegations against any Defendant. As best can be discerned from the pleadings, Plaintiff filed these cases under § 1983, alleging that Burns and Cash violated his constitutional rights during the May 16, 2018 encounter. (1183, Docs. # 1, 2, 11; 1195, Docs. # 1, 12, 19). In the operative complaint, Plaintiff uses language alluding to a claim for unreasonable seizure against Burns. (1183, Doc. # 11). However, he also uses language associated with claims of defamation, libel, and slander. (*Id.*). Plaintiff seems to allege the following claims against Cash: violation of the First Amendment, violation of the right to privacy, false light invasion of privacy, intrusion upon seclusion invasion of privacy, and failure to intervene. (1195, Docs. # 12, 19). Each retelling of the alleged facts by Plaintiff contains slightly different details. The only real consistency in the pleadings is the alleged date of the incident: May 16, 2018.

The court judicially notes that, based on this same 2018 incident, Plaintiff was charged and indicted under Alabama Code § 13A-10-11 for impersonating a peace officer in the Circuit Court of Calhoun County, Alabama. (*State of Alabama v. Land*, Case No. CC-2018-002167.00, Circuit

---

² On March 8, 2024, the court consolidated the cases addressed in this Memorandum Opinion – 1183 and 1195. While the claims asserted in 1:23-cv-1184 are tangentially related to the facts alleged in the two cases before the court, it appears the defendants named in that action were not directly involved in the incident that gave rise to these cases. That case was assigned to the Honorable Corey L. Maze.

Court of Calhoun County, Alabama). In the indictment, Plaintiff was accused of stating he had "FBI undercover credentials." Plaintiff argued that the indictment was due to be dismissed because the statute does not cover federal employees. While the Circuit Court denied Plaintiff's Motion to Dismiss, the Court of Criminal Appeals found that a "peace officer" under the statute does not include a federal government officer. Therefore, the indictment was dismissed on September 20, 2021. The representation by Plaintiff's former criminal counsel is the focal point of the third case, which was filed in September 2023. (*See* Case No. 1:23-cv-1184-CLM).

### B. Procedural History

In *Land v. Burns*, Defendants Burns, Steve Stanley, and Ricky Terry filed a motion to dismiss on December 20, 2023. (1183, Doc. # 4). In his response to the motion to dismiss filed on January 24, 2024, Plaintiff agreed to dismiss Stanley and Terry. (1183, Doc. # 10). Plaintiff subsequently filed his second amended complaint on the same day. (1183, Doc. # 11). On January 29, 2024, Burns filed a motion to strike the second amended complaint. (1183, Doc. # 13). The motion to dismiss (1183, Doc. # 4) is still pending.

In *Land v. Cash*, Defendants Cash, Alton Craft, and William Partridge filed a motion to dismiss on December 20, 2023. (1195, Doc. # 5). On January 19, 2024, Plaintiff filed an amended complaint, which did not name Craft or Partridge. (1195, Doc. # 12). It did name two new Defendants – Nickalus C. Reeves and Burns[3]. (*Id.*). In his amended complaint, Plaintiff claims that "[Reeves] violated [his] 4th and 5th Amendment right[s]," providing no additional details to support his assertion. (*Id.*). In an order entered on January 26, 2024, Judge Corey L. Maze, who previously presided over *Land v. Cash*, dismissed the claims against Craft and Partridge without

---

[3] In the two lawsuits before this court, Plaintiff names "Regina Erin Burns" and "Regina Cantrell Burns" as Defendants. However, based on the allegations in both cases, the court understands these slightly different references are to the same person. Therefore, the court will refer to this Defendant as "Burns."

prejudice. In addition, Judge Maze ordered Cash to respond to Plaintiff's amended complaint by February 9, 2024 and ordered Plaintiff to serve Reeves and Burns by April 19, 2024. (1195, Doc. # 15). Defendant Cash filed a motion to dismiss on January 29, 2024. (1195, Doc. # 16). And, as of the entry of this Order, Plaintiff has failed to serve Reeves and Burns. Accordingly, neither Burns nor Reeves have appeared in *Land v. Cash*. On February 20, 2024, Plaintiff filed a motion for summary judgment, claiming that Cash failed to respond to the amended complaint. (1195, Doc. # 19).

On April 8, 2024, Plaintiff filed another document with the court. While the purpose of this filing is unclear, Plaintiff appears to include in the filing: (1) a settlement offer; (2) five interrogatories with the indication that more may be served; and (3) more arguments. (1183, Doc. # 17; 1195, Doc. # 22). On April 24, 2024, Plaintiff filed an opposition to the pending motions against him. (1183, Doc. # 18; 1195, Doc. # 23).[4]

## II.     Legal Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

---

[4] Although the precise purpose of Plaintiff's filing on April 24, 2024 is not clear, given its nature, the court construes it to be a response to the pending motion to dismiss filed by Burns (1183, Doc. # 4) and the pending motion to dismiss filed by Cash (1195, Doc. # 16).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In deciding a Rule 12(b)(6) motion to dismiss, "a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (per curiam) (citations and internal quotation marks omitted).

Courts construe complaints filed by *pro se* litigants more liberally than those filed by a represented party. *Harris v. Ostrout*, 65 F.3d 912, 915 (11th Cir. 1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972) and *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). However, "[d]espite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

### III.   Discussion

Burns and Cash contend that their respective motions to dismiss should be granted for two reasons. (1183, Doc. # 4; 1195, Doc. # 16). First, they argue that the complaints are shotgun pleadings. And second, they assert that Plaintiff's claims are barred by the applicable statute of limitations. These same arguments apply to Reeves.

For the reasons explained below, the court concludes that Plaintiff's complaints are indeed shotgun pleadings. Further, even if they were not, Plaintiff's claims are barred by the applicable statute of limitations.

**A.     Motions to Dismiss**

**1.     Shotgun Pleading**

The term "shotgun pleading" is simply a shorthand expression describing a complaint that fails to comply with certain specificity requirements of the Federal Rules of Civil Procedure — particularly Rule 8 and Rule 10. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). While there is no precise formula or checklist for what makes a pleading "shotgun," a complaint might earn this label if it: (a) includes multiple counts that each adopt the allegations of all preceding counts; (b) contains "conclusory, vague, and immaterial facts" unconnected to a particular cause of action; (c) fails to divide different claims into separate counts; or (d) alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1322-23.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The key question is not whether a complaint fits into an identified category, but rather whether it includes enough information to allow a defendant and the court to "readily determine" if it states a plausible claim for relief. *See id.* at 1326.

Plaintiff's complaint falls squarely within the Eleventh Circuit's definition of a shotgun pleading. In the operative complaints, Plaintiff provides a detailed account of his allegations about

7

the events occurring on May 16, 2018. But few of these details, if any, can be connected to a particular cause of action. Plaintiff includes some specific allusions to various causes of actions, but he fails to sufficiently plead any of them. As such, Plaintiff fails to provide Defendants with adequate notice of the claims against them.

While Eleventh Circuit law typically allows a *pro se* plaintiff one more bite at the apple, to do so here would be fruitless. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2018). In cases where "the complaint as amended would still be properly dismissed," leave to amend is futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). As discussed below, this case is barred by the applicable statute of limitations, making any amended complaint pointless. Thus, even if properly pled, Plaintiff's claims are still dead on arrival.

### 2. Statute of Limitations

"The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations." *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (citing *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). In Alabama that is two years. Ala. Code § 6-2-38(l). The statute of limitations begins to run on a section 1983 claim when the facts supporting such a claim "are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011) (quoting *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)).

Plaintiff filed both of these lawsuits in September 2023. But, the events giving rise to the underlying facts in both cases occurred on May 16, 2018. Because Plaintiff's claims accrued on May 16, 2018, Plaintiff was required to file this lawsuit on or before May 16, 2020. His respective complaints were each filed over three years too late.

Plaintiff addressed this issue in his initial complaints, stating: "On the 3rd of September 2023 I discovered the applicable law which proves a 4th Amendment violation by the Defendant." (1183, Doc. # 1; 1195, Doc. # 1). To the extent Plaintiff continues to rely on this argument, the statute of limitations nonetheless began to run over six years ago, on May 16, 2018. In determining when a section 1983 claim accrues -- and thus when the statute of limitations begins to run -- courts focus on the facts apparent or reasonably apparent to the plaintiff. *McGroarty v. Swearingen*, 977 F.3d 1302, 1309 (11th Cir. 2020). In other words, a claim under section 1983 accrues when the plaintiff has reason to know of the injury supporting his claim. *McNair*, 515 F.3d at 1173. Based on the pleadings, it is readily apparent that Plaintiff was well aware that his alleged injury occurred on May 16, 2018.

However, to the extent Plaintiff claims ignorance of the accrual of his claims, that assertion does not prevent the statute of limitations from running in this case. *Rice v. Sixteen Unknown Fed. Agents*, 658 F. App'x 959, 962 (11th Cir. 2016) ("Neither Rice's ignorance of the law nor his [*pro se*] status constitute 'extraordinary circumstances' sufficient to toll the running of the statute of limitations."); *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1118 (5th Cir. 1978)[5] ("[I]gnorance of…legal rights, or failure to seek legal advice [does] not toll the statute of limitations."). As the Eleventh Circuit has held, while *pro se* plaintiffs are entitled to a liberal construction of their pleadings, they are, nevertheless, bound by the procedural rules. *Albra*, 490 F.3d at 829.

This analysis applies also to Reeves and Burns in *Land v. Cash*. A district court is authorized to dismiss a section 1983 complaint *sua sponte* if the action would be barred by the applicable statute of limitations. *Simpson v. Florida*, 708 F. App'x 635, 636 (11th Cir. 2018);

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*McKibben v. Monroe Police Dept.*, No. 1:21-CV-3309-SDG-JSA, 2022 WL 22392207 (N.D. Ga. Jan. 24, 2022), *report and recommendation adopted*, No. 1:21-CV-03309-SDG, 2022 WL 22392208 (N.D. Ga. Mar. 2, 2022) ("To that end, this Court is authorized to dismiss a complaint *sua sponte* if it determines that…the action would be barred by the statute of limitations."). Plaintiff has failed to allege timely claims against any of the Defendants, including those who were not served. And because this dismissal is authorized without requiring any responsive pleadings, the analysis applies to Reeves as much as it applies to Burns and Cash. Therefore, because Plaintiff's claims against Burns, Cash, and Reeves are barred by the statute of limitations, Defendants' motions to dismiss (1183, Doc. # 4; 1195, Doc. # 16) are due to be granted.

      **B.**     **Plaintiff's Motion for Summary Judgment**

Plaintiff also filed a motion for summary judgment against Cash. (1195, Doc. # 19). In his motion, Plaintiff claims that Defendant Cash "failed to respond in a timely manner to [Plaintiff's] amended complaint." (*Id.*). However, in response to Plaintiff's amended complaint (1195, Doc. # 12), Cash filed the pending motion to dismiss (1195, Doc. # 16). Pursuant to Federal Rule of Civil Procedure 12, a defendant may respond to a complaint by filing an answer or by filing a motion to dismiss the complaint. Fed. R. Civ. P. 12(a)(1), (b). Therefore, because Cash did file a timely response to Plaintiff's amended complaint, Plaintiff's motion for summary judgment is due to be denied.

**IV.**    **Conclusion**

For the reasons discussed above, Defendant Regina Burns's Motion to Dismiss (1183, Doc. # 4) and Defendant David Bruce Cash's Motion to Dismiss (1195, Doc. # 16) are due to be granted. Likewise, and for the same reasons, Plaintiff's claims against Nickalus C. Reeves are due to be dismissed. In addition, Plaintiff David Anthony Land's Motion for Summary Judgment (1195,

Doc. # 19) is due to be denied. Defendant Burns's Motion to Strike (1183, Doc. # 13) is also due to be denied.

Therefore, the claims against Regina Burns, David Bruce Cash, and Nickalus C. Reeves are due to be **DISMISSED WITH PREJUDICE**. The Clerk of the Court is **DIRECTED** to forward a copy of this Memorandum Opinion to Plaintiff at his address of record and to close both cases. Costs are taxed against Plaintiff in both cases.

An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this May 29, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE